IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                OPINION AND ORDER

          Plaintiff,

                04-CR-00175-C

      v.               3:07-cv-00614-bbc

MATTHEW R. SCHUSTER,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Matthew R. Schuster has filed a timely motion for postconviction relief pursuant to 28 U.S.C. § 2255, alleging that his sentence was harsher and his required restitution greater than it would have been had counsel provided him adequate representation at his sentencing. Defendant was convicted on his plea of guilty to the offense of intentionally accessing and recklessly causing damage to a protected computer in violation of 18 U.S.C. § 1030(a)(5)(A)(ii). He contends that if counsel had provided additional evidence to the court about IP Addresses, MAC Addresses and other technical details, the court would not have increased his offense level for his use of a special skill pursuant to U.S.S.G. § 3B1.1 and would have found that the damages caused by defendant's offense was much less than the restitution award of $19,060.

1

The charges against defendant grew out of his work for Alpha Computer Services, a company that provided computer support services to businesses and individuals in and around Wausau, Wisconsin. The company's owners were also part owners of a wireless internet service provider, Central Wisconsin Wireless Internet Services, or CWWIS. As part of defendant's job duties at Alpha, he provided technical support to CWWIS. In May 2003, he refused a request to provide technical support for a CWWIS client and was fired the next day. At the time of his firing, he was told not to access the CWWIS wireless network again as a customer and that he would be refunded his monthly payment for wireless services. Defendant ignored the directive and continued to use the wireless network until the early fall of 2003, using the Media Access Control addresses of legitimate customers to gain access to the network.

Eventually, defendant's use of customer addresses interfered with the customers' ability to gain access to CWWIS and to the internet. The customers complained to Alpha, which investigated and discovered defendant's misuse of the system. Alpha was able to close defendant out of the system temporarily. Irritated by this action, defendant took further steps to interfere with CWWIS's customers' ability to use the internet. Among other things, defendant changed customer passwords and the wireless ethernet converters that enable customers to send and receive information wirelessly. Also, he caused customers to incur "denial of service" attacks by flooding the customers with information or requests beyond

2

their capacity.  He called an Alpha employee to taunt him, saying "I leave the antenna and equipment plugged in to fuck with you guys."

A year later, a grand jury indicted defendant on two counts of computer interference. He pleaded guilty to the second count of the indictment and admitted to the court that count two covered criminal conduct occurring between September 1 and October 6, 2003. Also, he admitted that the government would have been able to prove at trial that for this time period someone gained unauthorized access to the CWWIS system and that the "unauthorized access caused damage in the sense that it impaired the availability of the CWWIS system to other customers and also impaired the availability of information over the CWWIS network to their customers."

After the presentence report issued, defendant submitted a lengthy statement of objections to the probation office's findings.  The sentencing hearing lasted three and one-half hours; four witnesses testified, two for each side.  Counsel cross-examined the government's sentencing witnesses at length on technical matters and challenged the government's loss figures and its reasons for the restitution it was seeking.  Before sentence was imposed, defendant had a chance to raise any objections that his attorney had not raised.  He declined, saying that he had nothing to add.

I calculated defendant's base offense level at six, increased it by four because the $19,060 loss was more than $10,000, increased it by another two levels because defendant

used a special skill in a manner that significantly facilitated the commission of the offense and again by two levels because defendant willfully provided materially false testimony at a hearing before the United States Magistrate Judge on defendant's motion to suppress evidence. I denied defendant a reduction for acceptance of responsibility because of the false testimony and because defendant had not demonstrated an affirmative acceptance of responsibility for his criminal conduct. Defendant's guidelines were 15-21 months. He was sentenced to a 15-month term of imprisonment, with a three-year period of supervised release to follow, and ordered to make restitution in the amount of $19,600.

Defendant appealed his sentencing on the grounds that the court had erred in calculating both the loss amount and the amount of restitution. The court of appeals denied the appeal on both grounds and affirmed the sentence and restitution amount. Defendant filed the present motion on October 26, 2007, less than a year following the court of appeals' issuance of its mandate.

OPINION

Although defendant has set out at length his allegations of counsel's failure to convince the court that defendant's conduct was far less destructive than it appeared to be, he has not explained in any detail what additional information counsel could have provided. For example, he says that counsel failed "to provide the court with necessary evidence and

4

knowledge concerning the charges against [defendant]. Had the court been properly informed, it would have made very different decisions than it did, and the amount of damages and restitution would be significantly lower." Dft.'s Mot., dkt. #111, at unnumbered page following numbered page 5. He does not say what the "necessary information and knowledge" might be.

To prevail on a claim of ineffectiveness, that is, a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result," Strickland v. Washington, 466 U.S. 668, 686 (1984), a defendant must come forward with specific evidence of the way in which counsel's representation fell below an objective standard of reasonableness. Id. at 687. "The performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. Vague allegations of ineffectiveness or suggestions that counsel could have produced "more evidence" without identifying the evidence will not make out a showing of constitutional ineffectiveness.

Zeroing in on the court's finding that he used a special skill to commit the crime, defendant argues that if counsel had been provided with the relevant technical manuals and information necessary to understanding the computer networking hardware involved, the court would have understood that any lay person could have made the changes that defendant made. Defendant undermines his own argument when he says that counsel

5

should have provided the court the "necessary technical manuals." Activities that require technical manuals for direction are usually, though not always, matters requiring special skill. It was obvious from the effort that both the assistant United States attorney and defense counsel devoted to understanding this case that it did not involve knowledge within the understanding of the ordinary lay person. The explanations of the technical details were not matters of common knowledge.

From my observation of the representation that defendant's counsel provided him at his plea and sentencing and from my reading of defendant's § 2255 motion, I can find no evidence of any respect in which counsel failed to give defendant a vigorous and effective defense. The assistant United States Attorney made it clear from the beginning of the prosecution that understanding the case would require a significant investment of time by defense counsel and defense counsel proved him correct.

Even if counsel had been ineffective, which he was not, his ineffectiveness would be relevant only if it affected the length of supervised release to which defendant was sentenced. Defendant is not challenging the sentence itself at this time because he has completed the custody portion of his sentence. That leaves only the period of supervised release. I cannot imagine any argument that counsel could have made that would have supported giving defendant a shorter term of supervised release and defendant does not suggest any. Defendant's unwillingness to accept responsibility for his impulsive and immature actions

6

demonstrated a need for a significant period of supervision.

Defendant's main challenge seems to be to the amount of restitution he was ordered to pay. If so, he has chosen the wrong vehicle for his attack. Section 2255 permits challenges to sentences; it does not provide a remedy for an allegedly improper restitution order. Barnickel v. United States, 113 F.3d 704, 705 (7th Cir. 1997) (claim that restitution order was illegal does not raise a jurisdictional or constitutional defect or a fundamental defect that inherently results in a complete miscarriage of justice) (citing Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1992))); see also United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003) (collecting cases). Even if he could use § 2255 for his challenge, he would be barred from doing so because he raised the issue of his restitution order unsuccessfully on direct appeal. He cannot use § 2255 to reargue matters that have been decided against him on appeal. The law of the case doctrine prevents reargument. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007).

ORDER

IT IS ORDERED that defendant Matthew R. Schuster's motion for modification of

7

his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

Entered this 31st day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

8